Jokes, J. (concurring).
Considering this appeal (without at present adverting to the additional allegations in the complaint with respect to the defendants’ responsibility, the design to dispose of the property, and their confederation), there appear to be but two motives for bringing the action—but two objects to be gained by it. Both of these objects are to overrule previous decisions of this court made in the former action.
The plaintiff has a general receivership already appointed in the former action, as against the executor and executrix. That receivership still stands. There can, therefore, be nothing gained by ordering another similar receivership in this action.
Unless, then, the object is to get an injunction and receivership which will either appoint a receivership as to the executor and executrix specifically, over the real estate mentioned in the complaint, or one which will affect the interests of the children and widow in the lands to a greater extent than they can be affected by an order against the executor or executrix only,— there can be no necessity for this suit.
As to the appointment of a receivership specifying in the order that the receivership is appointed over the specific real estate mentioned in the complaint, that was attempted to be done in the other action. It was then held that there was no sufficient proof that the property belonged to the partnership. The proof in this case is no stronger. As regards the executors and executrix, the proof can be supplied in the former action. A subsequent action should not be allowed for that purpose.
But as regards the widow and children, however, the former action having been dismissed as to them, no order for a receiver, either general or specific, can be made therein affecting their interests in the property any further than they may be affected by a judgment *36 or order against the executor and executrix ; to that extent they may be affected by any order or judgment made in the former action, and, therefore, to affect them to that extent this action is unnecessary.
If, then, it is sought to affect their interests to a greater extent than they can be by an order or judgment against the executors or executrix only, it is necessary that they should be parties to the suit.
It is then to be considered whether the interests of the children and widow in the real estate can be affected by means of this action to a greater extent than through an order or judgment rendered against the executors and executrix in the former one.
In this action the plaintiff alleges that the real estate in question, although standing in the individual name of John Gregory, yet, in fact, was partnership property, and that he, as one of the partners, is entitled to the one equal undivided half, and prays that his right to the moiety, as one of the partners, may be established by the court, and for a partition of the real estate.
In the previous action he made the same allegations, and prayed for same relief.
On the trial of that action on the merits, it was decided that the plaintiff was not entitled to the relief asked for in this action, which was part of the relief prayed for in that action ; but the plaintiff having in that action also prayed that an accounting may be had of the business of the said copartnership; and that by the judgment of this honorable court the plaintiff may be declared to be entitled to such sum of money as upon such accounting may appear to be due to him, and payment thereof may be ordered accordingly.
The said accounting was taken therein, whereon it was found that John Gregory, deceased, was indebted to the plaintiff in the sum of twenty thousand two hundred and ninety-seven dollars and thirty-five cents.
*37 Judgment was therefore entered in that action, as above set forth.
This judgment in favor of the widow and children, so long as it stands unreversed and unimpaired, is a conclusive bar against any action by plaintiff against them to affect their interest in the property, on the ground that it belonged to a copartnership of which plaintiff and John Gregory were equal members.
That judgment is consequently a bar to this action, so far as the parties defendant, consisting of the widow and children, are concerned, unless the reversal of so much as was against the executor and executrix had the effect of also reversing that part wh'ch was in favor of the widow and children. If, however, the reversal had such an effect, then that action is still pending as to the widow and children, and all the relief asked for in this, can be had in that.
It is urged, that immediately on one’s death, the law, so to speak, impounds all his estate, real and personal, for the payment of his debts, and that, consequently, one claiming to be a creditor at large, may, if the personal estate is insufficient to satisfy his claim, or if it has been distributed and the heirs or devisees are a,bout to dispose of the real estate, have an injunction to restrain said disposition until he shall have established his claim; and in case he shall succeed in establishing, then until he shall have collected; and further than this, if the real estate is not sufficient value to satisfy the alleged claim and interest thereon, that a receiver may be appointed of the rents and profits, to collect and receive the same and apply them on the claim when' established, and the interest thereon.
There may be force in the proposition, but I do not propose to examine into it, as it is not presented by the case made by the complaint.
This action is not based on a claim claimed by *38 the plaintiff to be due him from the deceased, and it is not sought to subject the real estate mentioned in the complaint to the payment of any such indebtedness, as being property of the deceased, and as such, subjected by the law to the payment of his debts.
, On the contrary, the complaint seeks to reach the individual moiety of the real estate, and the rents, issues and profits thereof, on the ground that the same belong to, and are the property of the plaintiff, by reason of the said real estate belonging, as claimed, to the copartnership, composed of the plaintiff and the deceased, as equal partners.
This, as before observed, is the ground-work of, and claim in, the complaint in the former action. That action is still pending as against the execntor and executrix, and can be pleaded by them in abatement of this; while as to the widow and children, if the reversal of that part of the special term judgment in the first action, which gives a personal judgment against the executor and executrix, operates as a reversal of the whole of that judgment, then they can plead that former action in abatement of this; if, however, that reversal does not affect so much of that judgment as dismisses the complaint in that action as against the widow and children, then they can plead that judgment in bar of this action.
The additional allegations respecting the confederation of the defendants to protract the reference, their responsibility and design to dispose of the property, taken in connection with the other allegations and facts in the case, afford no ground for an injunction or receiver.
The referee and the court have full control in the previous action over the reference therein depending, and can readily prevent any unreasonable protraction thereof.
As regards the disposition of the property, a no *39 tice of Us pendens will effectually protect all the plaintiffs’ rights in that respect if this action is properly conceived.
Insolvency will frequently warrant the appointment of a receiver, but never unless it also appears that the plaintiff has a cause of action against the defendant over whom the receiver is to be appointed, that recovery therein is at least probable, and the benefit to result from such recovery will either be wholly lost or substantially impaired by reason of said insolvency, if a receiver is not appointed.
As already held, there is no probability of a recovery in this action ; and as far as the other action is concerned there is already a receiver appointed therein, and if any further receivership is desired in that action, plaintiff must be remitted to his motion therein.
The result may be that plaintiff has lost whatever right he may have had to claim an ownership in the lands as tenant in common with - the defendants. If such is the result, it is due to plaintiff’s own action in electing to take the benefit of and rely on the personal judgment in his favor against the executrix and execution, and by reason of such election omitting to appeal from the judgment against him in favor of the widow, heirs and devisees.
Under these circumstances 1 think that neither an injunction nor a receivership should be granted in this action.
I concur in reversing the order appealed from, with ten dollars costs.
Spencer, J., took no part in the decision.